Muliana v. Holder

BIA
Balasquide, IJ
A094 778 256
A094 778 257

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

DEWI SARI MULIANA, TONI EFFENDI,
> *Petitioners,*

    v.                                    12-2608
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jeffrey Lubin, Flushing, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Joseph A. O'Connell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Dewi Sari Muliana and Toni Effendi, natives and citizens of Indonesia, seek review of a June 6, 2012, order of the BIA, affirming the April 8, 2010, decision of Immigration Judge ("IJ") Javier E. Balasquide, denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Dewi Sari Muliana*, No. A094 778 256, *Toni Effendi*, No. A094 778 257 (B.I.A. June 6, 2012), *aff'g* Nos. A094 778 256/257 (Immig. Ct. New York City Apr. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

First, there is no evidence in the record compelling the conclusion that, contrary to the agency's determination,

the mistreatment that Muliana experienced in Indonesia rose to the level of past persecution on account of her Chinese ethnicity and Catholic religion. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011). Both the BIA and IJ properly considered the incidents Muliana described, which included unwanted touching by Indonesian boys when she was a teenager; the looting and burning of her father's store during riots in Jakarta in 1998; being robbed in a taxi; being near the scene of a bombing that may have been the work of Indonesian Muslims; and an incident in which Muslims threatened her and her husband and threw rocks at their car. The agency did not err in considering that Muliana was not physically harmed in any of these incidents and in finding that while she suffered harassment and discrimination, cumulatively, her experiences did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 293 (2d Cir. 2007).

While Muliana correctly notes that physical injury is not a prerequisite to a finding of past persecution, before the IJ she presented no evidence of lasting or serious physical, psychological, or economic harm that would compel

3

reversal of the agency's findings.[1]  *See* 8 U.S.C.
§ 1158(b)(1)(B) (the asylum applicant bears the burden of
proof to establish eligibility for relief).

Furthermore, substantial evidence supports the agency's
finding that Muliana failed to demonstrate a well-founded
fear of future persecution.  *See Ramsameachire v. Ashcroft*,
357 F.3d 169, 177-78 (2d Cir. 2004).  Muliana argues that
the agency erred in concluding that her fear was not
objectively reasonable merely because conditions in
Indonesia for Christians have improved; however, the
agency's finding did not rest on this basis, as the BIA also
found that the government was taking steps to protect
religious minorities, and that vague reports of incidents of
mob violence in the record were insufficient to demonstrate
country-wide persecution of Chinese Christians.  *See Santoso
v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).  Muliana also
fails to challenge the agency's finding that the
reasonableness of her fear was undermined by a lack of
evidence that her parents and sister, who remain in
Indonesia, have suffered any harm on account of their race

---

[1] We note that we may not consider the extra-record
evidence Muliana attaches to her brief. *See* 8 U.S.C.
§ 1252(b)(4)(A).

or religion since her departure in 2006. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Lastly, while Muliana briefly references the agency's denial of withholding of removal and protection under the CAT in her brief, she raises no meaningful challenge to the agency's denial of these forms of relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk